# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 50392 | DATE | 2/6/2004 |
| CASE TITLE | Schumacher vs. J.V. Pro, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants in part and denies in part plaintiff's motion for summary judgment, and grants in part and denies in part defendants' motion for summary judgment. The parties are ordered to set a conference with the magistrate judge to discuss mediation of this case.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| ✓ | Copy to judge/magistrate judge. |
| LC | courtroom deputy's initials |

Date/time received in central Clerk's Office

number of notices

FEB 06 2004 date docketed

2-6-04 date mailed notice

Document Number: 67

# MEMORANDUM OPINION AND ORDER

Plaintiff, Larry Schumacher, filed a six-count, amended complaint against defendants, J.V. Pro, Inc.(J.V. Pro), Vincent Palmeri, John Rudolph, Mark Skadowski, Charles Stiles, and Paragon Creative Productions, Inc. (Paragon), alleging patent infringement in Count I, breach of fiduciary duties in Count II, fraud in Count III, negligence in Count IV, conversion in Count V, and a request for an accounting and imposition of a constructive trust in Count VI. All claims are directed at J.V. Pro, Palmeri, Rudolph, Skadowski, and Stiles. There are no allegations against Paragon, and, in fact, the amended complaint alleges numerous times that Paragon was injured by the acts of the other defendants. Counts II-VI, as supplemental state-law claims, are based on Illinois law and are brought by plaintiff "acting on his own behalf, individually and as a minority shareholder of Paragon, and acting representatively and derivatively on behalf of all similarly situated minority stockholders of Paragon."

Defendants, J.V. Pro, Palmeri, and Stiles, have filed a motion for summary judgment, contending that: (1) as to Count I, Palmeri and Stiles did not actively induce the alleged patent infringement; (2) as to Count II, plaintiff has no basis to bring a claim on his own behalf; (3) as to Count II, Palmeri, Stiles, and J.V. Pro, did not have, nor did they breach any, fiduciary duty; (4) as to Count II, Paragon was not deprived of a corporate opportunity; (5) as to Count II, there is no evidence that Palmeri, Stiles, and J.V. Pro diverted assets from Paragon to J.V. Pro; (6) as to Count II, no breach of fiduciary duty occurred regarding customer lists, pricing information, or any other confidential information; (7) as to Count III, there is no evidence of fraud on the part of Palmeri, Stiles, or J.V. Pro; (8) as to Count IV, there is no evidence of negligence by any of these three defendants; (9) as to Count V, there is no evidence that Palmieri, Stiles, or J.V. Pro converted any property belonging to Paragon; and (10) as to Count VI, there is no evidence of the need for either an accounting or a constructive trust.

Plaintiff filed an amended cross-motion for summary judgment in which he contends that: (1) he is entitled to judgment on his claim that some of the scoring tables produced by J.V. Pro infringed his patent; and (2) he is entitled to judgment on his claim of breach of fiduciary duty in Count II and conversion in Count V.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as matter of law. Windle v. City of Marion, 321 F.3d 658, 660 (7th Cir. 2003).

The court first addresses a matter not raised by either motion. The court sua sponte dismisses Paragon as a defendant as there are no allegations directed at Paragon in the amended complaint, albeit Paragon has filed a counterclaim against plaintiff.

Next, the court will take up plaintiff's cross-motion for summary judgment. In that regard, the court denies the motion as to Counts II and V as plaintiff has failed to demonstrate an absence of any genuine issues of material fact or that he is entitled to judgment as a matter of law as to those claims.

As for his claim of infringement of claim 1 of the '056 patent, the court grants partial summary judgment on the narrow issue of whether defendants infringed claim 1. In so ruling, the court notes the absence of any question of material fact as well as the lack of dispute by defendants that they did in fact infringe the patent for the limited period asserted. There remain, however, issues of material fact related to Count I and judgment is not entered as to those issues.

Turning to defendants' motion for summary judgment, the court grants summary judgment as to all claims in Counts II-VI as they pertain to defendant Stiles because there is no evidence that would allow a reasonable trier of fact to conclude that Stiles had any personal involvement in any of the alleged misconduct other than the infringement claim in Count I. The undisputed facts show that Stiles was merely an employee during the time when the alleged conduct occurred and that he was not involved in the decision making process during that time.

Regarding Count I, the court denies summary judgment as there is evidence that would lead a reasonable trier of fact to find that Palmeri and Stiles (as an officer and shareholder of J.V. Pro) knew of the pending patent application and decided to make and sell the tables in a form that could potentially infringe the sought after patent. This is not to suggest that plaintiff will ultimately prevail on this claim but only to conclude that there is enough evidence to withstand a summary judgment in favor of these two defendants.

The court also rejects defendants' argument that plaintiff cannot maintain any individual claim for breach of fiduciary duties as alleged in Count II and that those claims are limited to a shareholder derivative suit on behalf of Paragon and its other minority shareholders. Under Illinois law, a stockholder does not acquire standing to maintain an action individually when the injury is inflicted upon the corporation and the only injury to the shareholder is the indirect harm which consists of the diminution in value of his corporate assets. Small v. Sussman, 306 Ill. App. 3d 639, 643, 713 N.E. 2d 1216, 1219 (1999). If, on the other hand, the gravamen of the complaint states an injury to the plaintiff upon an individual claim as distinguished from an injury which indirectly affects the shareholders or affects them as a whole, then the plaintiff may pursue individual claims based on a breach of fiduciary duties. Elmhurst Consulting Co. v. Gibson, 219 F.R.D. 125, 127 n. 1 (N.D. Ill. 2003) (citing Zokoych v. Spalding, 36 Ill. App. 3d 654, 344 N.E. 2d 805 (1976)). Examples of such individual injuries would be removal as president and director, loss of salary, and leaving the party as a guarantor of a corporate debt. Gibson, 219 F.R.D. at 127 n. 1.

Here, while plaintiff is not entitled to recover individually for general harm caused to Paragon by the alleged conduct of defendants, he may recover for the above-described type of injuries, and has submitted evidence sufficient to withstand summary judgment on those type of claims as alleged in Count II.

Summary judgment is also denied on the asserted bases that there are no genuine issues of material fact as to whether defendants owed or breached a fiduciary duty, whether defendants diverted assets from Paragon to J.V. Pro, whether defendants committed fraud, whether defendants acted negligently, whether defendants converted property, and whether plaintiff is entitled to an accounting or the imposition of a constructive trust. Plaintiff's claim in Count III is, however, limited to constructive fraud as opposed to actual fraud. See Hoopingarner v. Stenzel, 329 Ill. App. 3d 271, 278, 768 N.E. 2d 772, 778 (2002). As for negligence in Count IV, plaintiff is limited under the business judgment rule to showing that defendants acted in bad faith, abused their, discretion, or acted with gross negligence. See Spillyards v. Abboud, 278 Ill. App. 3d 663, 681, 662 N.E. 2d 1358, 1370 (1996).

The court grants defendants' summary judgment motion to the extent it is directed at the usurpation of corporate opportunity theory of liability in Count II. An essential element of that theory is the failure to disclose the opportunity to the corporation which would have allowed the corporation to act upon it. Goldberg v. Michael, 328 Ill. App. 3d 593, 599, 766 N.E. 2d 246, 251 (2002). Here, it is undisputed that both plaintiff and Paragon were keenly aware of the opportunity to produce and sell scoring tables and did in fact do so prior to, during, and after the demise of Paragon.

The court also grants summary judgment in defendants' favor on plaintiff's claim in Count II that defendants breached their fiduciary duty regarding certain customer lists, pricing information, and other confidential information. Plaintiff has failed to submit any evidence that any of the information was in fact confidential or otherwise protected.

For the foregoing reasons, the court grants plaintiff's motion for summary judgment in part and denies it in part,. grants in part defendants' motion for summary judgment, and denies in part defendants' motion for summary judgment. The parties are ordered to set a conference with the magistrate judge to discuss mediation of this case.