# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50392 | **DATE** | 5/21/2004 |
| **CASE TITLE** | Schumacher vs. J.V. Pro., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKETED MAY 24 2004**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, Plaintiff's Motion to Compel and Extension of Time is granted. Defendant Palmeri's deposition is to take place within a reasonable time and at a reasonable place determined by the parties. Defendant Palmeri is ordered to produce all financial records and all compensation documentation as outlined in this court's Order. The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 5-24-04 date docketed | 68 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/21/2004 date mailed notice | |
| sp | courtroom deputy's initials | | sp mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| LARRY SCHUMACHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 00 C 50392 |
| | ) | |
| J.V. PRO, INC., VINCENT PALMERI, | ) | Philip G. Reinhard |
| JOHN K. RUDOLPH, MARK SKADOWSKI, | ) | P. Michael Mahoney |
| CHARLES L. STILES, and PARAGON | ) | |
| CREATIVE PRODUCTIONS, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

Currently before this court is Larry Schumacher's ("Plaintiff") Motion to Compel and Extension of Time. J.V Pro., Inc. ("J.V. Pro"), Vincent Palmeri ("Palmeri") and Charles Stiles ("Stiles")(collectively "Defendants") have responded. For the following reasons, Plaintiff's Motion to Compel and Extension of Time is granted.

## Background

Paragon Creative Solutions, Inc. ("Paragon") began operating in 1986. Plaintiff and Rita Carlstrom were among the original shareholders in Paragon. Defendants Palmeri, Rudolph and Skadowski became shareholders and directors of Paragon in July 1994. Soon after, Defendants Palmeri, Rudolph and Skadowski owned a controlling majority of the shares of Paragon.

In 1996, Paragon began to manufacture and sell scoring tables for high school basketball games. By the fall of 1996, Paragon was producing and shipping scoring tables at an alleged capacity rate, and had accumulated a back-log of orders for scoring tables. Plaintiff alleges that around September and November 1996, Defendants Palmeri, Rudolph and/or Skadowski opened a

new checking account in the name of Paragon. It was in this account, Plaintiff alleges, that funds were deposited while only minimal funds were provided by Defendants Rudolph, Palmeri and/or Skadowski for deposit into Paragon's main business account.

On December 8, 1996, Plaintiff resigned from Paragon, allegedly forced by Defendants Palmeri, Rudolph and Skadowski. Defendant J.V. Pro was incorporated on December 24, 1996. Allegedly, shortly after Plaintiff's resignation, all orders, income, and account receivables were diverted to Defendant J.V. Pro.

In January 1997, Paragon's loans were declared in default and steps were taken to collect those loans. In March 1997, Paragon's assets were seized and auctioned. Paragon was ultimately dissolved by the State of Illinois on May 21, 1997 for failure to pay taxes.

Plaintiff filed a six-count amended complaint against Defendants and others alleging patent infringement in Count I, breach of fiduciary duties in Count II, fraud in Count III, negligence in Count IV, conversion in Count V, and a request for accounting and imposition of a constructive trust in VI. Both Plaintiff and Defendants filed motions for summary judgment which Judge Reinhard ultimately granted in part and denied in part each respectively. The substance of Judge Reinhard's Order is at issue before this court for discovery purposes.

On February 6, 2004, Judge Reinhard did the following: 1) denied Plaintiff's cross-motion for summary judgment with regards to Counts II and V; 2) granted partial summary judgment as to Count I on the narrow issue of whether Defendants infringed Plaintiff's patent but left open issues of material fact related to Count I; 3) granted Defendants' motion for summary judgment as to all claims in Counts II-VI as they pertain to Defendant Stiles; 4) denied Defendants' summary judgment with regards to Count I; 5) rejected Defendants' argument that Plaintiff cannot maintain any

individual claim for breach of fiduciary duties as alleged in Count II; 6) limited Count II to constructive fraud; 7) granted Defendants' summary judgment to the extent it was directed at the usurpation of corporate opportunity theory of liability in Count II; and 8) granted Defendants summary judgment on Plaintiff's claim in Count II that Defendants breached their fiduciary duty regarding certain customer lists, pricing information, and other confidential information.

## Discussion

A. **Extension of Time**

This court will first take up the issue of whether to extend discovery so that Plaintiff can depose Defendant Palmeri. Plaintiff argues that Palmeri's deposition is necessary and relevant because Defendant Palmeri is the one person who has been involved in all or virtually all of the financial, management and control decisions and actions of Paragon and Defendant J.V. Pro during the relevant times. Defendants argue Plaintiff should not be granted time to depose Defendant Palmeri because it has been three months (almost four now) since Judge Reinhard's February 6, 2004 order, after which the parties agreed to schedule the deposition of Defendant Palmeri. Defendants argue Plaintiff has done nothing since the February 6, 2004 order and took no action to attempt to obtain the deposition and should now be barred from seeking the deposition when fact discovery closed April 30, 2004.

As an initial matter, and as noted briefly above, it has come to the court's attention that both parties agreed to postpone some discovery until after Judge Reinhard ruled on the motions for summary judgment, which occurred on February 6, 2004. Judge Reinhard's order also ordered the parties to hold a settlement conference which they did on March 15, 2004. Plaintiff filed the present motion on April 30, 2004. While it is true that it has been almost four months since Judge Reinhard

issued his order, this court finds that Plaintiff is entitled to depose Defendant Palmeri. This is not a case where Plaintiff did nothing for three months. Rather, Plaintiff prepared for a settlement conference and then it appears attempted to obtain discovery but was denied, which resulted in the present motion being filed some thirty days after the settlement conference. Therefore, this court grants Plaintiff's Motion for Extension of Time to depose Defendant Palmeri. Defendant Palmeri's deposition is to take place within a reasonable time and at a reasonable place.

B.   **Document Production**

Plaintiff seeks the following:

1. **Financial Records**: Operating statement and balance sheet for 2003, and income tax returns for 1998 through 2003, along with detailed ledger sheets or other documentation that shows the details from which the line items in the operating statements, balance sheets and tax returns were obtained.

2. **Compensation to Individual Defendants**: Documentation for all compensation, of any kind, received by individual defendants directly or indirectly from J.V. Pro, including, but not limited to, wages, dividends, stocks, stock buy backs, retirement fund contributions, company vehicle, etc.

3. **Scoring Tables with Integral Possession Arrow**: Sales logs, delivery logs, or other documentation that was used to generate the listing produced as document #1492, and a cost breakdown for such scoring tables.

   a.   *Financial Records*

As an initial matter, Plaintiff alleges that he has already received the operating statements and balance sheet for 1998 through 2000, and income tax return for 1997. With regards to the other financial records Plaintiff seeks, Defendants argue that Judge Reinhard's order precludes Plaintiff from any of the material. Specifically, Defendants argue Plaintiff can only arguably receive the financial records under Count I (because Counts II - IV are irrelevant) and Plaintiff has failed to

show any basis for discovery of benefits received by Defendant Stiles under Count I, which the parties allegedly agreed was confined to a set number of tables shipped between August 1, 2000 and September 23, 2000.

Similarly, the financial records are not discoverable as to Defendant Palmeri under Count I because the patent infringement took place in about a one and one-half month period in 2000. Therefore, according to Defendants, Plaintiff's requests for documents in 1998, 1999, 2001, 2002 and 2003 are beyond the relevant time period.

After reviewing Judge Reinhard's order, this court does not adhere to the strict interpretation presented by Defendants. Count I is still in as to all Defendants — there is no disagreement there. With regards to Count II, it appears Judge Reinhard's order, aside from eliminating Defendant Stiles, eliminated the following: 1) loss of the opportunity for future financial benefit gain (Am. Compl.at ¶61); 2) the allegation that Defendants transferred Paragon confidential, proprietary and business information including customer lists, supplier information, marketing and sales plans, etc. (Am. Compl. at ¶62(f)); and 3) the allegation that Defendants usurped established Paragon business opportunities, including diverting and transferring of at least all incoming orders for scoring tables and sports recognition boards from Paragon to Defendant J.V. Pro. (Am. Compl. at ¶62(g)).

What is still available, however, are Plaintiff's allegations that, among other things: 1)Defendant Palmeri (not Defendand Stiles because he was eliminated by Judge Reinhard's order) withheld receivables and incoming funds due Paragon; 2) Defendant Palmeri failed to make payments from the receivables and incoming funds to loans and taxes due; 3) Defendant Palmeri concealed receivables and incoming funds; and 4) Defendant Palmeri misappropriated, diverted and transferred incoming funds due to Paragon. These allegations that are left against Defendant Palmeri

demand that this court order Defendants to produce to Plaintiff the operating statements and balance sheets for 2003 and income tax returns for 1998 through 2003, along with detailed ledger sheets or other documentation showing the details from which the line items in the operating statements, balance sheet and tax returns were obtained. As it appears Defendants have previously produced operating statements and balance sheets for 1998 through 2003 and tax returns for 1997, the burden on Defendants to produce the above mentioned material seems minimal. The benefit to Plaintiff outweighs this minimal burden on Defendants. Therefore, this court orders Defendant Palmeri to produce all the financial records sought by Plaintiff within 14 days of this order.

b.   *Compensation to Individual Defendants*

Again relying on Judge Reinhard's order, Defendants argue that Judge Reinhard's ruling concerning the corporate opportunity doctrine defeats Plaintiff's basis for records concerning compensation to Defendant Palmeri. Specifically, Defendants allege Plaintiff is not seeking discovery as to compensation paid by Paragon to Defendant Palmeri; but rather, Plaintiff is seeking to argue that Defendant J.V. Pro. was a corporate opportunity which was the property of Paragon. If Defendant J.V. Pro is not a corporate opportunity, then, according to Defendant, Paragon and Plaintiff have no claim on any compensation Defendant Palmeri received.

Again, this court finds Defendants' interpretation of Judge Reinhard's order is too narrow. Plaintiff seeks documentation for all compensation received by Defendant Palmeri directly or indirectly from Defendant J.V. Pro including wages, dividends, stocks, stock buy back, retirement fund contributions, company vehicle, etc. This material seems relevant given the allegations against Defendant Palmeri and his alleged action in concealing and misappropriating funds from Paragon

6

to Defendant J.V. Pro. Whether Plaintiff seeks this information to argue Defendant J.V. Pro was a corporate opportunity which was the property of Paragon is not known to this court. Although, what is known is that Plaintiff cannot make that argument given Judge Reinhard's order. Given the remaining allegations contained in Plaintiff's amended complaint, this court finds the documentation for all compensation to Defendant Palmeri from Defendant J.V. Pro is relevant and discoverable. Again, the benefit to Plaintiff outweighs the minimal burden on Defendants to produce this material to Plaintiff. Therefore, this court orders Defendant Palmeri to produce all documentation regarding his compensation from Defendant J.V. Pro within 14 days of this order.

    c.    *Scoring Tables with Integral Possession Arrow*

It appears that Defendants agree Plaintiff is entitled to the material sought by Plaintiff with regards to the scoring tables with integral possession arrow. Specifically, Defendants state: "These Defendants do deny Plaintiff's right to documents concerning the scoring tables with integral possession arrow, as alleged in Count I, but were not aware that Plaintiff was seeking any additional documents other than those provided. Defendants are currently checking on whether additional documents exist." (Defs.' Resp. to Pl.'s Mot. to Compel at 4 n.2). Based on the representation made by Defendants, this court orders Defendants to produce the material sought by Plaintiff with regards to the scoring tables with integral possession arrow within a reasonable time. As Defendants are now aware that Plaintiff is seeking such material, Defendants are obligated under the Federal Rules of Civil Procedure to make a reasonable search for the documents. Defendants are also reminded of their continuing obligation to supplement discovery if material becomes available that was not previously.

## Conclusion

For the above stated reasons, Plaintiff's Motion to Compel and Extension of Time is granted. Defendant Palmeri's deposition is to take place within a reasonable time and at a reasonable place determined by the parties. Defendant Palmeri is ordered to produce all financial records and all compensation documentation as outlined above. The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

ENTER:

*[signature]*

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 5/21/04